## WHEELER MARTIN, Executor, Appellant, *versus* JAMES DENNIE *et al.*

Where a statute required that a bond should be given, to be approved by the judge of probate, but was silent on the subject of sureties, it was *held*, that a bond so approved, although not signed by a surety, was sufficient.

*Oct. 25th.* THIS was a motion that an appeal from the Court of Probate be dismissed, because the bond filed in the probate office for the prosecution of the appeal to effect and for paying intervening damages and costs, was executed by the appellant alone, without any surety. But *per Curiam.* The *St.* 1817, *c.* 190, § 23, says it shall be the duty of the judge of probate to examine and approve all bonds required by law to be filed in the probate office, and this bond therefore must be deemed to have been so approved ; and we are not warranted in holding that it should have been executed by a surety, the statute (§ 7) being silent on that subject. It is objected that a bond without a surety, furnishes no new security ; and it may be difficult to assign a good reason why the statute has omitted to require sureties. The provision that any bond shall be given on such appeal, may have been intended merely to furnish a specific remedy ; and possibly where the cause is like to be pending a long time, the judge of probate might require a bond signed by sureties. We do not mean to decide, however, that he can reject one because it is not so executed. The motion is overruled. [By the Revised Statutes no bond to prosecute such an appeal is required. See Revised Stat. *c.* 83, § 32 *et seq.*, and note of the commissioners.]

*Warren* and *Battelle*, for the appellees.

*Wilkinson*, for the appellant.